IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA

v.

No. 1:22CR75-9

JALEN RASHAD FORD (9)

## **DEFENDANT'S MOTION TO DISMISS**

Defendant Jalen Ford, through counsel and pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(i) and (ii), respectfully moves this Court to dismiss Counts One and Two of the Indictment (DE 17).[1]

## **ARGUMENT**

An indictment may neither charge a single offense in several counts nor multiple offenses in a single count. The Indictment here does both. Count One charges Mr. Ford with participating in a RICO conspiracy comprising multiple sub-conspiracies unrelated to the enterprise. Count Two charges him with participating in a drug conspiracy that the charged RICO conspiracy incorporates as a lesser-included offense. Mr. Ford's constitutional rights require dismissing Count One as duplicitous and Count Two as multiplicitous.

---

[1] Mr. Ford is filing several additional motions contemporaneous with this one. Because the government just produced partial discovery one business day ago and has withheld the evidence most critical to an assessment of the merits of the government's case, Mr. Ford reserves the right to file additional motions once the basis for such motions becomes reasonably apparent.

## I. THE INDICTMENT IMPERMISSIBLY CHARGES MULTIPLICITOUS COUNTS.

"Multiplicity is the charging of a single offense in several counts." *United States v. Fall*, 955 F.3d 363, 373 (4th Cir. 2020) (quotation omitted). "The rule against multiplicity is rooted in the Double Jeopardy Clause of the Fifth Amendment," which prohibits "the imposition of cumulative punishments for the same offense in a single criminal trial." *United States v. Shrader*, 675 F.3d 300, 313 (4th Cir. 2012) (citation omitted). "The signal danger in multiplicitous indictments is that the defendant may be given multiple sentences for the same offense[.]" *United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993). Thus, "[t]he Fifth Amendment's Double Jeopardy Clause prohibits multiplicitous indictments for crimes that are in law and in fact the same offense." *Fall*, 955 F.3d at 373 (quotation omitted).

The Indictment here violates that prohibition. The RICO conspiracy charged against Mr. Ford in Count One explicitly incorporates—and requires the government to prove—the drug conspiracy charged separately in Count Two. Specifically, the government alleges the same drug conspiracy charged in Count Two as a "Special Sentencing Factor" under Count One to increase the maximum penalty for RICO from twenty years to life in prison. *Compare* DE 17 at 29-30, *with* DE 17 at 31-33; *see also* 18 U.S.C. § 1963(a) (permitting life imprisonment where RICO "violation is based on a racketeering activity for

2

which the maximum penalty includes life imprisonment"). The two counts are in law the same offense because the drug conspiracy requires no proof of an element not required for the enhanced RICO conspiracy. The two likewise are in fact the same offense because the same conduct proves elements indispensable to both counts. Respecting the Fifth Amendment's prohibition on multiplicitous indictments requires dismissing Count Two.

### A. Counts One and Two are in Law the Same Offense.

The government generally cannot charge the same conduct under two separate provisions of the criminal law, or impose two successive punishments, unless each count requires proof of an element not required by the other. *See United States v. Moye*, 454 F.3d 390, 397 (4th Cir. 2006) (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)); *United States v. Bailey*, 112 F.3d 758, 767 (4th Cir. 1997); *United States v. Tedder*, 801 F.2d 1437, 1446 (4th Cir. 1986). "If two criminal statutes contain the exact same elements, they are said to have failed the *Blockburger* test and, absent other clear evidence of legislative intent, prosecution and sentencing under both statutes is prohibited as double jeopardy." *United States v. Johnson*, 32 F.3d 82, 84 (4th Cir. 1994). The protection against double jeopardy therefore prohibits convicting a defendant of, or punishing him for, both a primary offense and a lesser-included offense. *See, e.g., Rutledge v. United States*, 517 U.S. 292, 307 (1996). While the former contains an element beyond what the lesser-included offense

requires, the opposite is not true; the lesser-included offense is wholly subsumed by the primary. *See id.* at 297–98.

The problem, here, lies in the government's reliance on proving a drug conspiracy to trigger the enhanced penalty provisions of the RICO statute. A RICO conspiracy and a drug conspiracy ordinarily would require separate elements and not trigger double jeopardy concerns. The Indictment, however, has explicitly incorporated the drug conspiracy charged in Count Two into the RICO conspiracy charged in Count One and, consequently, turned the Count Two drug conspiracy into a lesser-included offense. Specifically, the government has alleged the drug conspiracy charged in Count Two as a "Special Sentencing Factor" under the RICO conspiracy in order to increase the statutory maximum sentence from twenty years to life upon a RICO conviction. DE 17 at 28-30; 18 U.S.C. § 1963(a) (providing for sentence of "not more than 20 years (or for life if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment")).[2]

In so doing, the government has turned the drug conspiracy itself into an element of the RICO conspiracy. An enhancement that increases a statutory maximum sentence "is an element that must be submitted to the jury and

---

[2] Unlike his codefendants Mitchell, Williams, and Wise, the drug conspiracy charged in Count Two is the only special sentencing factor that could serve to enhance Mr. Ford's sentence under RICO. *Cf.* DE 17 at 28-29.

4

found beyond a reasonable doubt." *Burrage v. United States*, 571 U.S. 204, 210 (2014) (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490, (2000)). Because it increases the statutory maximum sentence Mr. Ford could receive, Mr. Ford's participation in the drug conspiracy is an element of the RICO charge. *See United States v. Martinez*, 991 F.3d 347, 357 (2d Cir. 2021); *United States v. Ross*, 771 F. App'x 345, 348 (9th Cir. 2019); *United States v. Gills*, 702 F. App'x 367, 384 (6th Cir. 2017); *United States v. Nguyen*, 255 F.3d 1335, 1342–44 (11th Cir. 2001); *cf. United States v. Simmons*, 11 F.4th 239, 255–57 (4th Cir. 2021) (recognizing the "force" behind this argument but not deciding the issue).

The enhanced RICO conspiracy charged in Count One thus requires proof of the drug conspiracy charged in Count Two—necessarily including all of its constituent elements. As such, the two charges fail the *Blockburger* test and constitute the same offense. *See* 18 U.S.C. § 1963(a); *Rutledge*, 517 U.S. at 298-300 (concluding that drug conspiracy under 21 U.S.C. § 846 was lesser-included offense of continuing criminal enterprise charge under 21 U.S.C. § 848). Even though the RICO conspiracy requires proof of an additional element not required by the drug conspiracy (*i.e.*, an agreement to conduct or participate in the enterprise's affairs), the converse is not true. *See id.*

The Supreme Court's decision in *Rutledge v. United States*, 517 U.S. 292 (1996), is instructive. Count One of the indictment there alleged that the defendant engaged in a continuing criminal enterprise (21 U.S.C. § 848)

through several unlawful acts, one of which being a drug conspiracy (21 U.S.C. § 846) charged separately in Count Two. The Supreme Court concluded—consistent with a majority of circuits—that "only one judgment should be entered when a defendant is found guilty on both a CCE count and a conspiracy count based on the same agreements." 517 U.S. at 296-97; *see also id.* at 300 n.12 (stressing "this case involves *two* conspiracy-like offenses directed at largely identical conduct").

Notably, the Supreme Court evaluated the continuing criminal enterprise count in *Rutledge* in the context of the specific predicate charged, not by reference to a longer list of hypothetical predicates that could have supported it. *See id.* at 307 ("A guilty verdict on a § 848 charge necessarily includes a finding that the defendant also participated in a conspiracy violative of § 846; conspiracy is therefore a lesser included offense of CCE."). The Supreme Court has followed this analytical approach in other cases where the primary offense expressly incorporated a separately charged offense.[3]

---

[3] *See United States v. Dixon*, 509 U.S. 688, 698 (1993) (holding that contempt sanction imposed for violating court order through commission of an incorporated drug offense barred subsequent prosecution of drug offense, even though court order "incorporated the entire governing criminal code"); *Whalen v. United States*, 445 U.S. 684, 694 (1980) ("In the present case, however, proof of rape is a necessary element of proof of the felony murder, and we are unpersuaded that this case should be treated differently from other cases in which one criminal offense requires proof of every element of another offense.").

6

Several courts have reached the same conclusion under the precise circumstances of the present case—involving RICO conspiracies that incorporated separately charged predicate drug conspiracies—and found that the drug conspiracy was a lesser-included offense. *See United States v. White*, 116 F.3d 903, 931–32 (D.C. Cir. 1997); *United States v. Kragness*, 830 F.2d 842, 863–64 (8th Cir. 1987); *cf. United States v. Gardner*, 417 F. Supp. 2d 703, 710 (D. Md. 2006) (rejecting government's reliance on "facial statutory distinction[s]" and reasoning instead that court applying *Blockburger* must "go further and look to the legal theory of the case or the elements of the specific criminal cause of action for which the defendant was convicted" (citation omitted)).

Finally, a ruling that the government cannot turn participation in a single life-eligible offense (drug conspiracy) into two life sentences is consistent with Congressional intent. *See United States v. Terry*, 86 F.3d 353, 355 (4th Cir. 1996) ("If the statutorily-defined elements of the crimes charged overlap (for example, where one crime is a lesser-included offense of the other), then a court must presume that Congress did not intend multiple punishment."). Congress has not "clearly indicated its desire to authorize multiple punishment," *id.* at 355–56, in the case of an enhanced RICO conspiracy and the underlying predicate that served to increase the RICO sentence. While courts have found that Congress intended multiple punishments for a RICO

7

conspiracy and predicate racketeering activities, generally, *see, e.g.*, *Kragness*, 830 F.2d at 864, the same is not true of an enhanced RICO count with a possible life sentence. There, Congress did not authorize multiple punishments, but instead incorporated the potential longer sentence of the predicate into the penalty authorized under RICO—signaling its desire for a single punishment to be imposed. *See* 18 U.S.C. § 1963(a).

Because the elements of the drug conspiracy wholly overlap with the elements of the RICO conspiracy, the two charges are in law the same offense.

**B.     Counts One and Two are in Fact the Same Offense.**

The legal conclusion above mirrors the facts; to send Mr. Ford to prison for longer than twenty years on the RICO charge, the government must prove that he in fact joined the drug conspiracy charged as Count Two.

"To determine whether two offenses are the same in fact, a court must ascertain whether a reasonable person familiar with the totality of the facts and circumstances would construe" one offense "to cover" another charged offense. *United States v. Schnittker*, 807 F.3d 77, 82 (4th Cir. 2015) (quotation and alteration omitted); *see also Fall*, 955 F.3d at 373 (citing *Shnittker*'s standard as applicable to analyzing multiplicity). This "objective inquiry . . . is not limited to the indictment language only, but extends to the entire record of the proceedings." *Schnittker*¸ 807 F.3d at 82 (quotation omitted). The RICO and drug conspiracies charged here are in fact the same offense.

*First*, the two conspiracies overlap factually. The Indictment alleges each conspiracy occurred during the same time period;[4] involved the same people;[5] and involved the same drugs sold in the same amounts.[6] And the Indictment does not allege any additional overt acts for the separately charged drug conspiracy, instead appearing to rely on the same conduct alleged in the RICO conspiracy.

*Second*, the two conspiracies allegedly shared identical objects. Charging the drug conspiracy as a predicate racketeering activity, the government alleges the individuals who conspired to sell drugs knowingly did so to further the RICO enterprise. *See Simmons*, 11 F.4th at 254 (RICO conspiracy requires "that each defendant knowingly and intentionally agreed with another person to conduct or participate in the affairs of the enterprise"). The RICO conspiracy

---

[4] *Compare* DE 17 at 12 (alleging a RICO conspiracy "[b]eginning in or about 2012" and continuing to the date of Indictment, *with id.* at 31 (alleging the same for the drug conspiracy).

[5] *Id.* at 29-31 (listing each person charged in the drug conspiracy in the "Notice of Special Sentencing Factors" for the RICO conspiracy).

[6] *Compare id.* at 29-30, *with id.* at 31-33. That the drug conspiracy charged in Count Two includes a few additional drugs is of no moment because those drugs were sold in lesser amounts, do not trigger a possible life sentence, and thus could not support the sentencing enhancement sought in Count One. *See id.* at 31-33 (citing 21 U.S.C. §§ 841(b)(1)(C), (D)). The government plainly would have included them in Count One if they triggered a possible life sentence.

had the same objectives; it intended for the drug conspiracy to further the enterprise's affairs.

In short, the RICO and drug conspiracies rely on proof of precisely the same conduct and are, in fact, the same offense. *See Rutledge*, 517 U.S. at 300 n.12 ("[T]his case involves *two* conspiracy-like offenses directed at largely identical conduct.").

### C. The Government Cannot Prosecute Mr. Ford for Both Count One and Count Two; the Double Jeopardy Clause Commands that the Government Must Make Up Its Mind.

The government deliberately incorporated the separately charged drug conspiracy into the RICO count to enhance the sentencing exposure for Mr. Ford and his codefendants. By its charging decision, "the Government is trying to have its cake and eat too much of it." *See Gardner*, 417 F. Supp. 2d at 715-718 (dismissing murder in aid of racketeering predicates as multiplicitous, reasoning any other outcome would allow the government to "choose as many RICO predicates as it wished to include in a RICO conspiracy count and then, in subsequent counts, group them into numerous sub-conspiracies . . . with each count containing sufficiently unique 'elements'" such that each count could be proven without duplicating proof of the elements of the others). The government's approach stretches the law of conspiracy beyond its limits:

> "Whether the object of a single agreement is to commit one or many crimes, it is in either case that agreement which constitutes the conspiracy which the statute punishes. The one agreement cannot

10

be taken to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one." *Braverman v. United States*, 317 U.S. 49, 53 (1942). Thus, a larger conspiracy listing multiple crimes, and the prosecutorial flexibility it inherently offers, should not be viewed as an inexhaustible opportunity to clone conspiracy charges in an indictment.

*Id.* at 716.

Here, as in *Gardner*, "the Double Jeopardy Clause commands that the Government must make up its mind." *Id.* at 717. Either Mr. Ford "joined (and may be punished for joining) an all-encompassing conspiracy to conduct or participate in a pattern of racketeering in the conduct of the affairs" of the Quixk Nation/Quixk Money Gang (QN/QMG), "or he joined a more limited conspiracy" to distribute drugs as charged in Count Two. *Id.* at 717–18. "But he may not, consistent with the Double Jeopardy Clause, be charged and punished more than once with joining the same conspiracy." *Id.* at 718. The Court should dismiss Count Two as multiplicitous.

## II.  THE INDICTMENT IMPERMISSIBLY CHARGES DUPLICITOUS COUNTS.

An indictment may not join two or more distinct and separate offenses in a single count. *United States v. Robinson*, 855 F.3d 265, 269 (4th Cir. 2017). "Duplicitous indictments present the risk that a jury divided on two different offenses could nonetheless convict for the improperly fused double count." *United States v. Robinson*, 627 F.3d 941, 957 (4th Cir. 2010). "Such a jury

11

would not unanimously agree on the offense that the defendant committed, violating the defendant's Sixth Amendment right to a unanimous verdict." *Robinson*, 855 F.3d at 269–70. When it comes to conspiracies, if "the indictment on its face presents more than one conspiracy in a single count, such a count is improper, as it is considered duplicitous." *United States v. Eury*, No. 1:14CR39-1, 2015 WL 1861807, at *5 (M.D.N.C. Apr. 23, 2015).

That the conduct exposing Mr. Ford to a potential life sentence is a drug conspiracy, and not some other predicate act of the RICO conspiracy, highlights Count One's duplicity. A RICO conspiracy runs a pronounced risk of charging duplicitous counts. The conspiracy necessarily requires the commission of predicate acts. A predicate act can include a conspiracy offense, creating a conspiracy furthered through another conspiracy. And that subsidiary conspiracy can be just one on a laundry list of other conspiracies likewise serving as predicate acts for the RICO conspiracy. That is the case here.

The RICO count alleges a sprawling decade-long gang conspiracy. One aspect of it—but only one aspect of it—is the drug conspiracy alleged as a sentencing factor and charged separately in Count Two. The pleaded RICO conspiracy, in reality, extends much broader than the drug conspiracy. The RICO conspiracy allegedly involved myriad participants committing myriad criminal acts, from murder, to attempted murder, to robberies, to "narcotics

distribution, firearms trafficking, property offenses, and [other] acts of violence." *See* DE 17 ¶ 9.

The RICO count here is so broad it sweeps in multiple sub-conspiracies with different groups and individuals that, under any reasonable conception, would otherwise be presumed to be outside the enterprise. For example, the RICO count alleges that *some* members of QN/QMG participated in joint ventures with "different" "allied groups" that are not part of the QN/QMG. *See* DE 17 ¶¶ 11, 17. It specifically identifies the Andrews Street Boys and indicates that some are members of QN/QMG—the implicit assertion being that others are not. *Id.* ¶ 17. The RICO count also alleges conspiratorial activity with "associates" who are somehow different from the gang's "leaders" and "members." *See id.* ¶¶ 12, 17. More striking, the RICO count alleges conspiratorial activity with individuals who are "not UBN NTG Bloods in the traditional sense," *id.* ¶ 18, and even with others who are "rivals" of QN/QMG, *id.* ¶ 19. There is no basis to infer that someone who joined the drug conspiracy charged in Count Two and as a special sentencing factor in Count One also joined a conspiracy with the Andrews Street Boys, a conspiracy with another "different" "allied group," a conspiracy QN/QMG "rivals," and another conspiracy with people who are "not UBN NTG Bloods in the traditional sense." The RICO conspiracy, as pleaded, either consists of multiple sub-conspiracies or has no limiting principle whatsoever.

13

Mr. Ford is entitled to know the basis of the charge against him: whom, exactly, is he alleged to have conspired with, and to do what? Absent answers to those questions, Mr. Ford risks a jury finding him guilty without jurors having any agreement on the nature of the underlying conspiracy itself. The Indictment's attempt to charge Mr. Ford with multiple conspiracies in a single-conspiracy count warrants dismissal. *See Eury*, 2015 WL 1861807, at \*8 ("[W]hen a court finds that a count is duplicitous prior to trial, the proper remedy is to dismiss the count or to require the United States to elect which offense it desires to pursue." (quotation omitted)).

## CONCLUSION

For the foregoing reasons, Mr. Ford respectfully moves this Court to dismiss Count Two of the Indictment as multiplicitous. In the alternative, Mr. Ford moves this Court for an order that the drug conspiracy alleged in Count Two is a lesser-included offense and Mr. Ford cannot be convicted of, or punished for, both Count One and Count Two. Mr. Ford further moves this Court to dismiss Count One of the Indictment as duplicitous.

14

This the 18th day of April, 2022.

BROOKS PIERCE McLENDON
  HUMPHREY & LEONARD, LLP

 /s/ Daniel Adams
Daniel Adams
NC State Bar. No. 51806
2000 Renaissance Plaza
230 North Elm Street (27401)
Post Office Box 26000
Greensboro, NC 27420-6000
Telephone:  (336) 271-3109
Facsimile:   (336) 232-9109
dadams@brookspierce.com

*Counsel for Defendant*
*Jalen Rashad Ford*